IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CLARENCE R. ROGERS**, | Case No. 3:21-cv-01686-AC |
| **Plaintiff**, | ORDER |
| v. | |
| **APRILLA D. McPHERSON**, wife of Donald R. McPherson, **CLARENCE ROGERS**, Musician, father in law to Donald R. McPherson, **DONALD R. McPHERSON**, Parcel Deliverer, husband of Aprilla McPherson, **MARGARET M. ROGERS**, citizen of the State of Oregon, or is a citizen of last known Great Britain, and **DON JHANAE McPHERSON**, Student**,** | |
| **Defendants**. | |

**IMMERGUT, District Judge.**

On December 27, 2021, Magistrate Judge John V. Acosta issued his Findings and Recommendation ("F&R"). ECF 12. The F&R recommends that this Court dismiss Plaintiff Clarence R. Roger's Amended Complaint, ECF 9, and his Second Amended Complaint, ECF 11, for lack of subject-matter jurisdiction. No party filed formal objections. However, as noted

PAGE 1 –ORDER

below, Plaintiff, acting *pro se*, submitted supplemental material which purports to amend his Complaint.[1] For the following reasons, this Court ADOPTS Judge Acosta's F&R.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

Judge Acosta recommended that this action be dismissed because this Court lacks subject-matter jurisdiction. ECF 12. Judge Acosta found that this Court lacked diversity jurisdiction, 28 U.S.C. § 1332(a)(1), because Plaintiff and at least two defendants are Oregon citizens. *Id.* at 5. Judge Acosta also found that this Court could not exercise federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff failed to identity any federal statute, federal

---

[1] Plaintiff is proceeding as a self-represented litigant, and therefore, this Court construes the pleadings liberally and affords him the benefit of any doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that documents filed by a self-represented litigant must "be liberally construed," and a self-represented litigant's complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

PAGE 2 –ORDER

treaty, or Constitutional provision at issue. *Id.* at 6–7. Because this Court cannot exercise subject-matter jurisdiction, the case must be dismissed. Fed. R. Civ. P. 12(h)(3).

After Judge Acosta issued his F&R, Plaintiff submitted seven additional documents: (1) Third Amended Complaint, ECF 14; (2) Proposed Order to Amend, ECF 16; (3) Letter from Mr. Clarence R. Rogers, ECF 18; (4) Fourth Amended Complaint, ECF 19; (5) Fifth Amended Complaint, ECF 20; (6) Amended Proposed Order to Amend, ECF 21; and (7) Notice of Updated Contact Information, ECF 22. This Court has reviewed this supplemental material and construes the arguments in these filings as objections to the F&R. However, none of these subsequent filings cure the subject-matter jurisdiction deficiencies that still prevent this Court from adjudicating this matter. Accordingly, this Court has reviewed the F&R and the supplemental material filed by Plaintiff, and adopts Judge Acosta's F&R in full. This action is dismissed without prejudice for lack of subject-matter jurisdiction.

**IT IS SO ORDERED**.

DATED this 18th day of January, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge